Filed 5/16/22  P. v. Roberts CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUKE STEVEN ROBERTS,<br><br>    Defendant and Appellant. | F082247<br><br>(Super. Ct. No. 20CR-01298)<br><br>**OPINION** |

**THE COURT**<sup>*</sup>

APPEAL from a judgment of the Superior Court of Merced County.  Jeanne Schechter, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>    Before Franson, Acting P. J., Peña, J. and Smith, J.

This case comes before us for review under the procedures prescribed in *People v. Wende* (1979) 25 Cal.3d 436, 441-442 (*Wende*). Luke Steven Roberts appeals following his no contest plea to possession of a firearm by a felon and admitted strike prior.

## STATEMENT OF THE CASE

Roberts was charged with one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), and one count of unlawful possession of ammunition by a prohibited person (Pen. Code, § 30305, subd. (a)(1)). It was further alleged that Roberts had suffered one prior strike (Pen. Code, §§ 667, subds. (b)-(j), 1170.12.) After the trial court denied Roberts's motion to suppress evidence at his preliminary hearing and denied his motion to strike the prior strike, Roberts entered a no contest plea to possession of a firearm by a felon and admitted the prior strike. The trial court denied probation and sentenced Roberts to the midterm of two years, doubled pursuant to the Three Strikes law.

Roberts filed a notice of appeal based on the denial of the motion to suppress evidence, which was later stricken on Roberts' motion.[1] This brief pursuant to *Wende, supra,* 25 Cal.3d 436 followed.

## STATEMENT OF THE FACTS[2]

On February 7, 2020, police officers detained and searched Roberts and found him in possession of a nine-millimeter firearm and ammunition.

## APPELLATE COURT REVIEW

Roberts's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende, supra,* 25 Cal.3d 436.) The opening brief also includes the

---

[1]    Appellate counsel recognized that the search warrant issue was not preserved for appeal. (See request to strike the appellant's opening brief filed Feb. 16, 2021, which this court granted on Mar. 1, 2021.)

[2]    The abbreviated facts are due to the no contest plea.

declaration of appellate counsel indicating Roberts was advised he could file his own brief with this court. Appellate counsel also informed Roberts that he was filing a writ of habeas corpus on his behalf (case No. F082531). By letter on March 19, 2021, we invited Roberts to submit additional briefing. To date, he has not done so.

On March 4, 2022, we invited appellate counsel to consider a variety of new laws that went into effect after the *Wende* brief was filed. If counsel determined any of the recently enacted legislative changes applied to this case, counsel had 20 days to file a motion to strike the *Wende* brief and instead file an appellant's opening brief. To date, counsel has not done so, and we proceed with the *Wende* brief on file.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Roberts.

## DISPOSITION

The judgment is affirmed.